■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL EADY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered January 3, 1985, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by

vacating the conviction of murder in the second degree, and the sentence imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on the second count of the indictment charging the defendant with murder in the second degree; the facts have been considered and are determined to have been established.

The defendant and the codefendants, Darrin Henry and Kenneth Moore, were tried jointly. Henry and Moore did not testify at the trial and the admission of their confessions, both of which served to incriminate the defendant, constituted a violation of the defendant's right to confrontation *(see, Cruz v New York,* 481 US —, 107 S Ct 1714). The evidence of the defendant's guilt of the robbery charges, which included the defendant's trial testimony that he removed the victim's wallet while Henry pointed an object that the defendant thought was a toy gun at the victim, was overwhelming. There is no reasonable possibility that the jury would have acquitted the defendant of the robbery charges were it not for the confrontation clause violations. Thus, the errors were harmless beyond a reasonable doubt insofar as the defendant's convictions of the robbery charges are concerned *(see, People v Crimmins,* 36 NY2d 230). However, the admission into evidence of Henry's confession, in which Henry stated that the gun he used to shoot the victim had been given to him by the defendant, tended to disprove the defendant's affirmative defense to murder in the second degree *(see,* Penal Law § 125.25 [3] [a], [b], [c], [d]). Consequently, there is a reasonable possibility that the admission of Henry's confession contributed to the conviction of the defendant on that count. The error was thus not harmless beyond a reasonable doubt, and there must be a new trial on the second count of the indictment charging the defendant with murder in the second degree.

We have considered the defendant's other contentions and find them to be without merit. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.